UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| In Re MIMEDX GROUP, INC. SECURITIES LITIGATION | Case No. 1:18-cv-00830-WMR |
| This Document Relates to: ALL ACTIONS | CLASS ACTION |

## ORDER

This case comes before the Court on Lead Plaintiff's Motion for Relief from Judgment and for Leave to Amend [Doc. 187]. Upon consideration of the Motion, applicable law, and all appropriate matters of record, the Court **DENIES** the Motion for the reasons set forth below.

I.  BACKGROUND

Lead Plaintiff Carpenters Pension Fund of Illinois ("CPFI") bought and sold Defendant MiMedx Group, Inc. ("MiMedx") common stock between August 2017 and February 2018, ultimately selling its remaining shares on February 26, 2018. [Doc. 123-20 at 4].

1

On February 20, 2018, a few days before CPFI sold its remaining shares of MiMedx stock, MiMedx announced that it was postponing the release of its financial results for fiscal year 2017 pending the completion of an Audit Committee investigation into MiMedx's sales and distribution practices. [Doc. 122 at 17 ¶13]. A few months later, on June 7, 2018, MiMedx announced that the investigation revealed MiMedx's reported financial results for fiscal years 2012 to 2016 and that the first three quarters of 2017 could no longer be relied upon and would be restated. [Doc. 122 at 17 ¶14].

CPFI filed the Second Amended Complaint in the instant action against Defendants MiMedx, Parker H. Petit ("Petit"), Michael J. Senken ("Senken"), William C. Taylor ("Taylor"), and Cherry Bekaert LLP ("Cherry Bekaert") on March 30, 2020, alleging violations of Section 10(b) of the Exchange Act and SEC Rule 10b-5. [Doc. 122]. Specifically, CPFI alleged: Defendants engaged in "improper and illicit sales and distribution practices, as well as a massive accounting fraud perpetrated at the behest of its executive leadership" [id. at 11 ¶3]; Defendants' "misstatements and omissions misled investors and artificially inflated the Company's stock price" [id. at 14 ¶8]; Defendants' "improper sales and distribution practices[ ] and fraudulent revenue scheme [were] revealed through a series of partial disclosures [that caused] the price of MiMedx common stock to decline dramatically" [id. at 404 ¶573]; and the investment losses CPFI suffered when it sold

shares of MiMedx stock were the result of the partial disclosures. [Id. at 409-10 ¶574].

The Court entered an order on March 25, 2021, finding that "there were no corrective disclosures prior to the date Plaintiff sold all of its MiMedx common stock," and that, therefore, CPFI lacked standing. [Doc. 185 at 16-17]. Similarly, the Court found that because Lead Plaintiff "failed to sufficiently allege that a corrective disclosure of the fraud resulted in the decline of the stock price before it sold the stock, Lead Plaintiff cannot establish the loss causation element of its Section 10(b) claim." [Id. at 14]. The Court accordingly granted each Defendant's Motion to Dismiss the Second Amended Complaint for Failure to State a Claim [Docs. 139; 140; 142; 143]. Judgment was subsequently entered for Defendants. [Doc. 186].

CPFI now files this Motion for Relief from Judgment and for Leave to Amend seeking to add Amalgamated Bank as a plaintiff and to "incorporate newly-discovered evidence from the criminal trial of Petit and Taylor (and associated filings)." [Doc. 187-1 at 24].[1] Defendants MiMedx, Senken, and Cherry Bekaert have each filed a response in opposition to CPFI's Motion for Relief from Judgment

---

[1] The Court notes that CPFI had ample time to move the Court to add Amalgamated Bank as a party after learning of the Defendants' contentions as to its standing and loss causation, but before the Court ruled; however, for some reason, it chose not to do so.

3

and for Leave to Amend. [Docs. 196; 197; 199]. Defendants Petit and Taylor filed a notice joining the arguments made in MiMedx's response. [Doc. 198].

## II. LEGAL STANDARD

A party may move to alter or amend a judgment within 28 days after the entry of the judgment under Rule 59(e) of the Federal Rules of Civil Procedure. While there are no specific grounds for relief listed in Rule 59(e), a court may alter or amend a judgment that is based on "manifest errors of law or fact." Jenkins v. Anton, 922 F.3d 1257, 1263 (11th Cir. 2019) (quoting Metlife Life & Annuity Co. of Conn. v. Akpele, 886 F.3d 998, 1008 (11th Cir. 2018)). However, a party may not use a Rule 59(e) motion "to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Michael Linet, Inc. v. Vill. Of Wellington, 408 F.3d 757, 763 (11th Cir. 2005) (citing Stone v. Wall, 135 F.3d 1438, 1442 (11th Cir. 1998)); Jenkins, 922 F.3d at 1263 ("a district court should not grant relief under Rule 59(e) … based on newly discovered evidence").

A party may also seek relief from a final judgment under Rule 60(b) of the Federal Rules of Civil Procedure. Under Rule 60(b)(1), a court may grant relief from a judgment for "mistake, inadvertence, surprise, or excusable neglect." The "mistake" portion of Rule 60(b)(1) encompasses "mistakes in the application of the

law." Parks v. U.S. Life & Credit Corp., 677 F.2d 838, 839-40 (11th Cir. 1982) (citing Oliver v. Home Indem. Co., 470 F.2d 329, 330-31 (5th Cir. 1972)).

Rule 60(b) additionally contains a catchall provision that allows a court to grant relief from a judgment for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Relief under Rule 60(b)(6) is "an extraordinary remedy which may be invoked only upon a showing of exceptional circumstances." Griffin v. Swim-Tech Corp., 722 F.2d 677, 680 (11th Cir. 1984) (citing Ackermann v. United States, 340 U.S. 193, 202 (1950)).

### III.  DISCUSSION

#### A. Relief from Judgment

CPFI is not entitled to relief from the judgment in this case under either Rule 59(e) or Rule 60(b) because CPFI's motion has failed to convince the Court that it reached an incorrect conclusion in its Order of March 25, 2021. Further, because CPFI is not entitled to relief under Rules 59(e) and 60(b), CPFI is also not permitted leave to amend the complaint.

##### 1.  Rule 59(e)

CPFI's motion fails under Rule 59(e). CPFI's motion essentially urges the Court "to reconsider its ruling because [CPFI] disagree[s] with the district court's treatment of certain facts and its legal conclusions." Michael Linet, 408 F.3d at 763. However, a party may not, as CPFI is attempting to do here, use a Rule 59(e) motion

"to relitigate old matters, raise argument or present evidence that could have been raised prior to the entry of judgment." Id. (citing Stone, 135 F.3d at 1442). CPFI predominantly raises the same arguments that it has already raised in the Second Amended Complaint [Doc. 122] and in its responses in opposition to the Defendant's motions to dismiss [Docs. 152 and 153] – arguments that have already been addressed by this Court in its Order of March 25, 2021.

2. Rule 60(b)

CPFI's motion also fails under Rule 60(b). While a party may seek relief from a judgment under Rule 60(b)(1) based on mistakes in the application of the law, see Parks, 677 F.2d at 839-40, the Court finds CPFI's argument that the Court misapplied the law in its Order of March 25, 2021, to be without merit. As the Court stated in its Order, CPFI failed to satisfy both the standing requirement to bring a claim against Defendants (which required CPFI to "plausibly allege a causal connection between its injury and the challenged action of the Defendants") and the loss causation element of a Section 10(b) claim (which required CPFI to "offer proof of a causal connection between the misrepresentation and the investment's subsequent decline in value"). [Doc. 185 at 6-7]. Both the standing and loss causation determination hinged on the requirement that there be some causal connection between the Defendants' fraudulent activity and CPFI's injury – a connection this Court found to be nonexistent.

CPFI takes issue with the fact that the Court only addressed the perceived "corrective disclosures" that were made prior to February 26, 2018. [Doc. 187-1 at 10]. However, the Court focused solely on pre-February 26, 2018 matters because any disclosure made after this date, whether determined to be corrective or not, would not have resulted in loss to CPFI. Any disclosure made after CPFI sold its shares could not have affected the value of CPFI's shares or been a reason that CPFI decided to sell its shares. As the Court noted in its Order: "If a shareholder claims that its investment losses were caused by alleged misrepresentations that inflated a company's stock price, but the investor sells the shares before the pertinent truth regarding the misrepresentations is revealed through a corrective disclosure, then the losses are not attributable to the misrepresentations." [Doc. 185 at 15].

A corrective disclosure is "a release of information that reveals to the market the pertinent truth that was previously concealed or obscured by the company's fraud." Meyer v. Greene, 710 F.3d 1189, 1196 (11th Cir. 2013) (citing FindWhat Inv'r Grp. v. FindWhat.com, 658 F.3d 1282, 1311-12 (11th Cir. 2011)). While it is true that a plaintiff "need not rely on a single, complete corrective disclosure," and "it is possible to show that the truth gradually leaked out into the marketplace 'through a series of partial disclosures,'"[2] as the Court explained in its Order, none

---

[2] Meyer, 710 F.3d at 1197 (quoting Lormand v. US Unwired, Inc., 565 F.3d 228, 261 (5th Cir. 2009)).

7

of the "partial disclosures" that occurred prior to February 26, 2018, were corrective disclosures. [Doc. 185 at 7-13; 16].[3] CPFI has failed to raise any argument that would warrant a different conclusion.

Further, CPFI has not provided the Court with "any other reason that justifies relief" under Rule 60(b)(6). CPFI's motion focuses primarily on the Court's "mistakes in the application of the law" which falls squarely under Rule 60(b)(1). Parks, 677 F.2d at 839-40 (citing Oliver, 470 F.2d at 330-31). Rules 60(b)(1) and (b)(6) are "mutually exclusive," and "a court cannot grant relief under (b)(6) for any reason which the court could consider under (b)(1)." Cavaliere v. Allstate Ins. Co., 996 F.2d 1111, 1115 (11th Cir. 1993) (quoting Solaroll Shade & Shutter Corp. v. Bio-Energy Sys., 803 F.2d 1130, 1133 (11th Cir. 1986)).

    B. Leave to Amend

CPFI may not seek leave to amend under Rule 15(a) of the Federal Rules of Civil Procedure, because "Rule 15(a), by its plain language, governs amendment of pleadings *before* judgment is entered; it has no application *after* judgment is entered." Jacobs v. Tempur-Pedic Int'l, Inc., 626 F.3d 1327, 1344 (11th Cir. 2010) (emphasis in original).

---

[3] Of course, the Eleventh Circuit might disagree. And, if so, this case would return to this Court for further proceedings.

After the court has entered final judgment, the plaintiff "may seek leave to amend if he is granted relief under Rule 59(e) or Rule 60(b)(6)." <u>United States ex rel. Atkins v. McInteer</u>, 470 F.3d 1350, 1361 n.22 (11th Cir. 2006) (citing <u>Czeremcha v. Int'l Ass'n of Machinists and Aerospace Workers, AFL-CIO</u>, 724 F.2d 1552, 1556 (11th Cir. 1984)).  However, because the Court finds CPFI is not entitled to relief under either Rule 59(e) or 60(b), CPFI is also not entitled to leave to amend.

IV.    CONCLUSION

For the foregoing reasons, Lead Plaintiff's Motion for Relief from Judgment and for Leave to Amend [Doc. 187] is **DENIED**.

IT IS SO ORDERED, this 27th day of January, 2022.

_____
WILLIAM M. RAY, II
UNITED STATES DISTRICT JUDGE